# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 16, 2010

No. 09-50797
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL ANTONIO MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-67-3

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Manuel Antonio Mata appeals the 100-month sentence he received on resentencing following the grant of his 28 U.S.C. § 2255 motion. He contends that the sentence imposed, which constituted an upward variance from the applicable guidelines range of 33 to 41 months of imprisonment, was unreasonable.

This court reviews a district court's sentencing decision for reasonableness, under the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 50-51

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(2007). "Appellate review is highly deferential as the sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado,* 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). In reviewing a non-guidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the guidelines range. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). This court also reviews whether the § 3553(a) factors support the sentence and gives deference to the district court's determination that the § 3553(a) factors justify the variance. *Id.*

Mata contends that the district court erred in applying the § 3353(a) factors in his case, urging that it overstated the seriousness of his offense, which did not result in any injury or pose a public danger; that it erroneously relied on his gang membership when there was no evidence tying that membership to any future dangerousness; that it ignored favorable personal characteristics, including his intelligence and well-mannered behavior at court appearances; that it should not have relied on his criminal history in support as that history was already accounted for in the guidelines calculation; and that the sentence imposed was overly long compared to those doubtlessly received by other similarly situated defendants.

The district court supported its sentencing determination with reference to the § 3553(a) factors, specifically citing § 3553(a)(1), the nature and circumstances of the offense and Mata's history and characteristics, and § 3553(a)(2)(A), (B), and (C), the need to provide just punishment, adequate deterrence, and public protection from further crimes of Mata. Moreover, the district court's extensive discussion at the resentencing hearing reflects consideration of the facts of the instant offense and the facts set forth in the PSR. Though it is true that the offense did not result in any physical injury, Mata's argument that it was not an inherently dangerous one is disingenuous

given that the offense conduct involved his exchanging a quantity of heroin for a firearm within 1,000 feet of a school, which firearm he then attempted to sell through a fellow member of the Barrio Azteca prison gang. Mata cites no authority in support of the argument that his admitted gang membership may not be considered as part of his personal history and characteristics under § 3553(a)(1). Additionally, the district court acted appropriately in considering whether the guidelines calculation sufficiently addressed the need to protect the public or to provide adequate deterrence or just punishment given Mata's recidivist tendencies and the fact that prior sentences had not prevented his return to crime. *See* § 3553(a)(2)(A), (B), and (C).

Mata's contention that his sentence is longer than sentences received by similarly situated defendants is wholly conclusional. The fact that the district court varied substantially from the guidelines range, standing alone, is insufficient to show that the sentence imposed is unreasonable. *See Brantley*, 537 F.3d at 349-50; *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006); *United States v. Smith*, 417 F.3d 483, 492 & n.40 (5th Cir. 2005). Mata's arguments do not show a clear error of judgment on the district court's part in balancing the § 3553(a) factors; instead, they constitute a mere disagreement with the district court's weighing of the factors. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). Given the significant deference that is due to a district court's consideration of the § 3553(a) factors and the district court's substantial reasons for its sentencing decision, the district court's judgment is AFFIRMED. *See Gall*, 522 U.S. at 50-53; *Brantley*, 537 F.3d at 349.